IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00734-FDW-SCR

| | |
|---|---|
| RON TAMOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CALVIN HUNSICKER, ) | |
| SURECOST, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendants' Rule 12B6 Motion to Dismiss" (Doc. No. 7) and "Plaintiff's Motion for Leave to File an Amended Complaint" (Doc. No. 13).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006)(en banc)).

Plaintiff has not previously amended or moved to amend. He states that the proposed Amended Complaint is "generally based on the same factual allegations as the initial Complaint, but seeks to add some additional theories for relief, namely: 1) a claim for breach of contract, 2) a Declaratory Judgment claim, and 3) a North Carolina Wage and Hour Act claim. The Proposed Amended Complaint also drops the original unjust enrichment claim and significantly revises the fraud claim based on facts learned thus far in discovery." (Doc. No. 14 at 3). For those reasons as well as the other reasons stated therein, his "Motion for Leave to Amend" (Doc. No. 13) is <u>granted</u>.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. <u>Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.</u>, No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572-73 (4th Cir. 2001).

The Court makes no determination as to the merits of any of Plaintiff's claims and all objections and defenses raised by Defendants in their Motion to Dismiss are preserved.

**IT IS THEREFORE ORDERED** that:

1. "Plaintiff's Motion for Leave to File an Amended Complaint" (Doc. No. 13) is **GRANTED**. Within ten days of this Order, Plaintiff shall file his Amended Complaint.

2. "Defendants' Rule 12(b)(6) Motion to Dismiss" (Doc. No. 7) is administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel and to the Honorable Frank D. Whitney

**SO ORDERED**.

Signed: March 4, 2024

Susan C. Rodriguez
United States Magistrate Judge